UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY, | § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Case No. _____ |
| VIC RICHARD CARRUTH and A.J.C., | | |
| Defendants. | | |

**ORIGINAL INTERPLEADER COMPLAINT**

In accordance with Federal Rule of Civil Procedure 22, Transamerica Life Insurance Company ("Transamerica") files this original interpleader complaint seeking protection from two adverse claims to the proceeds of a life insurance policy insuring the life of Annette Carruth, deceased ("Annette").

**PARTIES**

1. Transamerica is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.

2. Vic Richard Carruth ("Vic") was Annette's husband at the time of her death. He is an individual domiciled in Texas and may be served with process at 3127 Maple Avenue, Waco, Texas 76707, or wherever he may be found.

3. A.J.C. is the minor daughter of Annette. She is an individual domiciled in Texas and may be served with process at 3127 Maple Avenue, Waco, Texas 76707, or wherever she may be found.

**ORIGINAL INTERPLEADER COMPLAINT – PAGE 1**

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in McLennan County, Texas. Venue is also proper in this judicial district under 28 U.S.C. § 1397 because both of the defendants reside in McLennan County, Texas.

## FACTS

6. On August 30, 2014, Annette applied to Transamerica for a life insurance policy covering her own life in the amount of $350,000. On the application form, Annette designated her husband, Vic, as the original beneficiary.

7. Transamerica approved Annette's application and, effective October 1, 2014, issued her policy number 43184610 with a 20-year term and a $350,000 death benefit.

8. Annette's policy remained in force until her death on June 17, 2019.

9. The policy documents provide that in the event of the insured's death, the proceeds of the policy are payable to the named beneficiary. Accordingly, Transamerica provided a claim form to Vic on June 21, 2019.

10. On June 25, 2019, Transamerica received a handwritten letter from Annette dated June 9, 2019 (before her death) purporting to change the beneficiary of her policy from Vic to her minor daughter, A.J.C.

11. Notwithstanding the letter from Annette, Vic submitted a claim to Transamerica for all of the policy proceeds on July 8, 2019.

12. On September 9, 2019, Vic's attorney (William F. "Fred" Brown) sent a letter requesting that Transamerica file an interpleader action to "judicially divide" the policy proceeds between Vic and A.J.C. In a subsequent phone call with one of Transamerica's claims examiners, Brown asserted that Vic owns at least half of the policy proceeds as his community property.

## INTERPLEADER RELIEF

13. Rule 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a).

14. Transamerica has been placed on notice of two adverse claimants to the proceeds of the policy. One of the claimants, Vic, was the original beneficiary of the policy and Annette's husband at the time of her death. He has communicated to Transamerica a claim to at least half and potentially all of the policy proceeds. On the other hand, the handwritten letter that Annette purportedly signed on June 9, 2019, and which Transamerica received after Annette's death names A.J.C. as the new beneficiary of the policy.

15. Both Vic and A.J.C. arguably have colorable claims to the proceeds under Texas law. Consequently, Transamerica has a real and reasonable fear of the possibility of double or multiple liability with respect to payment of the policy proceeds. Based on the conflicting information provided, Transamerica cannot determine whether Vic or A.J.C. (or some other person) is the proper recipient of the proceeds.

16. Transamerica has been willing at all times to deliver the amount of the proceeds to the person or persons who are entitled to receive them. Transamerica is an innocent stakeholder and has not colluded with either defendant concerning the matters at issue in this

case. Transamerica has not been and will not be indemnified in any manner by either defendant. Rather, Transamerica is filing this interpleader of its own free will to avoid double or multiple liability and unnecessary litigation and costs. Transamerica is unconditionally ready to deposit with the Court the policy proceeds, in the amount of $350,000, along with a refund of any unused premium, and hereby offers to deposit these amounts into the registry of the Court pending a judgment in this case.

17. Transamerica therefore requests that it be discharged and released of any and all responsibility and liability to defendants and any other person or entity claiming a right or interest in the benefits under the policy or otherwise with respect to the policy and its proceeds.

## ATTORNEYS' FEES AND COSTS

18. Because of the potentially adverse claims of defendants, Transamerica has had to incur reasonable and necessary attorneys' fees, costs, and expenses in bringing this action. Transamerica alleges that it is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred as a result of the necessity of these proceedings.

## CONCLUSION

19. Transamerica requests that each of defendants be cited to appear and answer herein, presenting their respective claims to the policy proceeds, and that Transamerica receive judgment as follows:

(a) Transamerica is released and discharged from any and all liability to defendants and any other person or entity claiming ownership or an interest in the policy benefits or otherwise with respect to the policy or policy proceeds;

(b) Transamerica have and recover its reasonable attorneys' fees, together with all costs of court and expenses incurred in this suit, with all such fees, costs, and expenses to be paid out of the interpled funds before any award to the prevailing defendant; and

(c) any other relief to which Transamerica is justly entitled.

Dated: November 19, 2019.

Respectfully submitted,

   */s/ Stephen R. Clarke*
Stephen R. Clarke
State Bar No. 24069517

**WINSTEAD PC**
500 Winstead Building
2728 N. Harwood Street
Dallas, Texas 75201
(214) 745-5400 phone
(214) 745-5390 fax
sclarke@winstead.com

**ATTORNEYS FOR PLAINTIFF TRANSAMERICA LIFE INSURANCE COMPANY**